# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRIAN TYRONE SCOTT,** | ) |
| Petitioner, | ) ) ) |
| v. | ) No. CIV 22-277-RAW-DES |
| **CARRIE BRIDGES,** | ) ) ) |
| Respondent. | ) ) |

## **OPINION AND ORDER**

On January 11, 2023, the Court denied Petitioner's motion for appointment of counsel. (Dkts. 20, 21). On February 1, 2023, Petitioner filed a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) (Dkt. 22), asking for reconsideration of the Court's decision on appointment of counsel. Because no judgment has been entered in this case, the Court construes the present motion as a second motion for appointment of counsel.

Petitioner alleges the Court should have considered 25 U.S.C. § 175 in deciding his first motion for appointment of counsel. The statute states, "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." *Id.* This statute, however, "is not mandatory and . . . its purpose is no more than to insure the Indians adequate representation in suits to which they might be parties." *Siniscal v. United States*, 208 F.2d 406, 410 (9th Cir. 1953), *cert. denied*, 348 U.S. 818 (1954). *See also Pyramid Lake Paiute Tribe of Indians v. Morton*, 499 F.2d 1095, 1097 (D.C. Cir. 1974) (finding this provision "impose[s] only a discretionary duty of representation"). Therefore, the Court, in its discretion, declines to appoint counsel based on 25 U.S.C. § 175.

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969). The

decision whether to appoint counsel in a civil matter lies within the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would [assist the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

The Court again has carefully reviewed the merits of Petitioner's claims, the nature of the factual issues raised in his allegations, and his ability to investigate crucial facts. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). The Court concludes the issues are not complex, and Petitioner appears capable of adequately presenting facts and arguments. Therefore, the second motion for appointment of counsel is DENIED.

    **ACCORDINGLY,**

1. The Court construes Petitioner's motion to alter or amend judgment (Dkt. 22) as a second motion for appointment of counsel.
2. Petitioner's second motion for appointment of counsel (Dkt. 22) is DENIED.

**IT IS SO ORDERED** this 2nd day of August 2023.

 

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma