## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

**BRIAN TYRONE SCOTT**,                )
                                       )
                    Petitioner,        )
                                       )
v.                                     )        **Case No. CIV 22-277-RAW-DES**
                                       )
**CARRIE BRIDGES, Warden,**            )
                                       )
                    Respondent.        )

### OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's fourth petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 17)[1] and Petitioner's motions for removal (Dkt. 6) and to supplement (Dkt. 23). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his convictions in Okmulgee County District Court Case No. CF-2000-5044[2] for First Degree Burglary (Count 1), Forcible Sodomy (Count 2), Assault and Battery with a Dangerous Weapon (Count 3), Unauthorized Use of Motor Vehicle (Count 4), Assault and Battery Upon a Police Officer (Count 5), and Malicious Injury to Property (Count 6). The Court has before it for consideration Petitioner's fourth habeas petition and brief in support (Dkts. 1, 2), the parties' motions, and their responses.

### I.    Background

---

[1] Petitioner's previous habeas actions in this Court were (1) *Scott v. Franklin*, No. CIV-03-641-RAW-KEW (E.D. Okla. Sept. 10, 2004) (unpublished) (dismissed for failure to exhaust state court remedies); (2) *Scott v. Parker*, No. CIV-08-287-RAW-KEW, 2008 WL 4952607 (E.D. Okla. Nov. 19, 2008) (unpublished) (dismissed as time-barred); and (3) *Scott v. Bryant*, No. CIV-16-572-RAW-KEW, 2018 WL 3618369 (E.D. Okla. July 30, 2018) (unpublished) (dismissed as second or successive).

[2] The record also refers to Petitioner's criminal case as HCF-2000-5044.

Respondent alleges in his motion to dismiss that because Petitioner has filed a second or successive habeas petition, this Court lacks subject matter jurisdiction. The following dates and activities in the case are pertinent to the disposition of the motion:

**August 15, 2002:** In Case No. F-2001-998, the Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's convictions for Count 1, First Degree Burglary; Count 2, Forcible Sodomy; Count 5, Assault and Battery Upon a Police Officer; and Count 6, Malicious Injury to Property (Dkt. 18-1 at 2). Because the Judgment and Sentence incorrectly stated the crimes of which Petitioner was convicted in Counts 3 and 4 as Assault & Battery with a Deadly Weapon - Knife (Count 3) and Larceny of an Automobile (Count 4),[3] the OCCA remanded and ordered that a nunc pro tunc Judgment and Sentence be entered on Counts 3 and 4, reflecting that Petitioner was convicted of Assault and Battery with a Dangerous Weapon and Unauthorized Use of a Motor Vehicle, respectively. *Id.*

**November 13, 2002:** Petitioner's convictions became final ninety (90) days after his convictions were affirmed by the OCCA on direct appeal, and his statutory year began to run the next day on November 14, 2002.

**January 13, 2003:** Petitioner's Amended Judgment and Sentence was entered in Okmulgee County District Court Case No. CF-2000-5044. (Dkt. 24-2).

**November 14, 2003:** Petitioner's one year to file a federal habeas petition under 28 U.S.C. § 2244(d)(1) expired.

**September 10, 2004:** This Court in *Scott v. Franklin*, No. CIV-03-641-RAW-KEW (E.D. Okla. Sept. 10, 2004) (unpublished), *aff'd, Scott v. Franklin*, 122 F. App'x 980 (10th Cir. Feb. 18, 2005) (unpublished), dismissed Petitioner's first federal habeas petition (filed November 19, 2003) for failure to exhaust state court remedies..

**November 19, 2008:** This Court in *Scott v. Parker*, No. CIV-08-287-RAW-KEW, 2008 WL 4952607 (E.D. Okla. Nov. 19, 2008) (unpublished), dismissed Petitioner's second federal habeas petition (filed July 30, 2008) as time-barred.

**July 30, 2018:** This Court in *Scott v. Bryant*, No. CIV-16-572-RAW-KEW, 2018 WL 3618369 (E.D. Okla. July 30, 2018) (unpublished), dismissed Petitioner's third federal habeas petition for lack of jurisdiction, because the petition was an unauthorized second or successive petition.

---

[3] *See* Information for Case No. CF-2000-5044 at Dkt. 2-1 at 1.

**September 11, 2020:**  Petitioner filed a pro se Motion to Dismiss for Lack of Jurisdiction in Okmulgee County District Court Case No. CF-2000-5044, premised on an application of the principles in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020).  (Dkts. 18-3, 18-4).

**March 2, 2021:**  Petitioner was granted court-appointed counsel for his motion to dismiss, which the state district court construed as an Application for Post-Conviction Relief.  (Dkt. 18-5).

**May 5, 2021:**  Petitioner's counsel filed an Application for Post-Conviction Relief, again alleging claims related to *McGirt*.  (Dkt. 18-6).

**May 6, 2021:**  The Okmulgee County District Court ordered Petitioner's Application for Post-Conviction relief be granted but stayed the grant until June 9, 2021.  (Dkt. 18-7)

**July 12, 2021:**  The Tenth Circuit Court of Appeals denied Petitioner authorization to file a second or successive habeas petition based on *McGirt* in Case No. 21-7032.  (Dkts. 18-8, 18-9).

**October 15, 2021:**  After numerous stays of the state court's May 6, 2021, order, the State filed a Motion to Vacate Agreed Order for Post-Conviction relief, arguing that a grant of post-conviction relief no longer would be proper following the OCCA's decision in *State ex. rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021).  (Dkt. 18-10)

**January 11, 2022:**  Following further stays of the May 6, 2021, order, the state court issued an Order Vacating Order for Post-Conviction Relief and Denying Application for Post-Conviction Relief.  This order found that the May 6, 2021, order would have been unauthorized by law. Therefore, the order was vacated, and the application was denied. (Dkt. 18-11).

**September 16, 2022:**  The OCCA denied Petitioner's post-conviction appeal in Case No. PC-2022-165, finding that *McGirt* did not apply retroactively to his case.  (Dkts. 18-12, 18-13).

**September 30, 2022:**  Petitioner filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II.    Petitioner's Claims

Petitioner raises the following grounds for relief:

I.      The reinstatement of Petitioner's state conviction(s) and a charge not convicted of is unlawful, because Oklahoma courts lack jurisdiction.  (Dkt. 1 at 5)[4].

II.     The State of Oklahoma surrendered any claim of jurisdiction over Petitioner

---

[4] The Court's citations refer to this Court's CM/ECF header pagination.

3

by (a) failing to timely object to the enforcement of the agreed order of dismissal of the charges issued by the state trial court and agreed to by the assistant district attorney, Carman Rainbolt; and/or (b) by the failing to perfect a timely appeal of that ruling under Title 22, Ch. 18, App., Rule 5.2(c)(1). (Dkt. 1 at 7).

III.   Petitioner's claim under *McGirt v. Oklahoma*, __ U.S. __, 140 S. Ct. 2412 (2020):  (1) The alleged crimes occurred in Indian Country within the boundaries of the reservation of the Muscogee (Creek) Nation.  (2) Petitioner is one-half blood quantum Creek-Chickasaw Indian, and is a federally recognized citizen of the Muscogee (Creek) Nation.  (3) The alleged crimes are subject to exclusive federal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153.  (4) Oklahoma lacks subject matter jurisdiction under the Major Crimes Act.  (Dkt. 2 at 14).

IV.   *McGirt* is retroactive.  *Id.*

## III.   Second or Successive Petition

As set forth above, this is Petitioner's fourth habeas corpus petition.  He, however, argues that the state district court's January 11, 2022, order denying his post-conviction application was a new judgment entitling him to bring a new habeas challenge.  (Dkt. 2 at 8-9) (citing *Magwood v. Patterson*, 561 U.S. 320, 331-33 (2010)).  While in some instances, a new judgment can open the door to a new habeas petition, Petitioner is incorrect in his claim that the state court order in this case was a new judgment.

*Magwood* held that "where . . . there is a 'new judgment intervening between the two habeas petitions' . . . an application challenging the resulting new judgment is not 'second or successive' at all."  *Magwood*, 561 U.S. at 341-42 (internal citation omitted) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007)).  Restated, § 2244(b)'s prohibition on successive habeas applications does not apply when a petitioner is challenging a "new judgment."  *See id.*  In *Magwood*, the Supreme Court found a resentencing constituted a new judgment but offered no further guidance on what other proceedings qualify as a "new judgment."  *Id.*, 561 U.S. at 331; *United States v. Quary*, 881 F.3d

4

820, 823 (10th Cir. 2018) ("*Magwood*" does not define the term "new judgment[.]") (citing *United States v. Jones*, 796 F.3d 483, 485 (5th Cir. 2015)).  The Tenth Circuit also has not directly addressed the parameters of what constitutes a "new judgment."  The general consensus among circuits, however, is that there must be some substantive change to the conviction or sentence for there to be a "new judgment."  (Dkt. 18 at 12) (citing Patrick Cothern, *What Is "New"?: Defining "New Judgment" After Magwood*, 117 Mich. L. Rev. 1669, 1677, n.70 &71 (2019)).

"In *Magwood* . . ., the United States Supreme Court explained that when a state court conducted a second sentencing hearing after the defendant obtained federal habeas relief, the defendant could seek federal habeas relief from the new sentence without the application being considered second or successive." *Alford v. Langford*, No. 23-3031-JWL, 2023 WL 1815680, at *2 (D. Kan. Feb. 8, 2023).

> In *King v. Morgan*, 807 F.3d 154, 155-56 (6th Cir. 2015), the inmate unsuccessfully pursued federal habeas relief from a state-court judgment, after which he persuaded a state court to vacate his sentence and resentence him.  Unhappy with his new sentence, he sought federal habeas relief.  *Id*.  On appeal, the Sixth Circuit held that the latter federal habeas proceeding could include claims that challenged the undisturbed convictions as well as the second sentencing.  *Id*. at 157.  Similarly, in *Wentzell v. Neven*, 674 F.3d 1124, 1125 (9th Cir. 2012), the Ninth Circuit held that a petition seeking federal habeas relief after an "amended judgment of conviction" was not second or successive, even though the petitioner--prior to the amended judgment of conviction--had a previous § 2254 petition dismissed as time-barred.

> But unlike the situations in *Magwood*, *King*, and *Wentzell*, [the *Alford*] Petitioner has had no second sentencing hearing or amended judgment of conviction that could act as a new judgment.  In other words, Plaintiff has shown no intervening "new judgment" that "resets the application count and prevents [the current petition] from being 'second or successive.'"  *See King*, 807 F.3d at 157 (quoting *Magwood*, 561 U.S. at 323-24).  Rather, [Alford] is in custody pursuant to the convictions and sentences--the judgment--that occurred in 1993. Because a previous petition for relief under § 2254 challenging the 1993 judgment was dismissed as time-barred, the current petition is successive and Petitioner is required to seek authorization from the Tenth Circuit to proceed on it.

5

*Alford*, slip op. at *3.

Respondent maintains that this habeas petition is premised on Petitioner's incorrect assumption that the state court vacated Petitioner's conviction and sentence in its May 6, 2021, order, then subsequently "reinstated" or "reimposed" the conviction and sentence in the January 11, 2022, order.  (Dkt. 1 at 5, 13-14; Dkt. 2 at 3-4, 8, 11, 12, 15).  Petitioner's interpretation is incorrect.  Instead, Petitioner is, and always has been, subject to the Amended Judgment and Sentence entered after his direct appeal.  (Dkt. 24-2).

The record shows that the state district court never actually granted Petitioner's post-conviction application in its Order Granting Defendant's Application for Post-Convciton [sic] Relief Based on Jurisdiction.  (Dkt. 18-7).  This conclusion may seem to be a misstatement of facts, because the order in question expressly states, "this Court finds the defendant's *Application* should be and is hereby granted and the cases are dismissed."  *Id*. at 2.  In the next sentence, however, the court continued with the following: "**STAY OF ORDER:**  This Court finds that there is good cause to stay the effectiveness of this Order until the 9 day of June, 2021."  *Id.* (formatting in original).

Petitioner reads this order as granting his application and vacating his conviction.  (Dkt. 1 at 5, 13-14; Dkt. 2 at 3-4, 8, 11, 12, 15).  The combined result of this language, however, is to signal the state court's intent to grant the application without actually granting it.  The eventual effect of the order would be to grant the motion and dismiss Petitioner's case, but this effect was stayed, meaning the dismissal also was stayed and ultimately never was granted.  As a result, Petitioner has at all times remained subject to his original conviction and sentence.  *Cf. United States v. Patterson*, No. CR-20-71-RAW, 2021 WL 633022, at *5 (E.D. Okla. Feb. 18, 2021) (unpublished) (finding that

the Tenth Circuit's decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), "lacked the force of law until the Supreme Court affirmed it in July 2020" because "[t]he Tenth Circuit stayed issuance of its mandate pending an appeal to the Supreme Court").

The district court's Order Vacating Agreed Order for Post-Conviction Relief and Denying Application for Post-Conviction Relief (Dkt. 18-11) was not a new judgment, because it left Petitioner's conviction and sentence unchanged.  By vacating the order, the state court withdrew its earlier intent to grant post-conviction relief, then, subsequently, denied Petitioner's application. There is no language in the vacation order that sentenced or resentenced Petitioner.  (Dkt. 18-11). Such language would have been unnecessary as Petitioner was left in the same position of being subject to his original conviction and sentence as modified following his direct appeal to the OCCA.

Petitioner also was not subject to a "new verdict on Count 4" as he alleges.  (Dkt. 2 at 4). This claim appears to arise from a misreading of the January 11, 2022, order's procedural history in which the state court correctly listed Larceny of an Automobile as the crime originally charged under Count 4, instead of the charge imposed through the Amended Judgment and Sentence, Unauthorized Use of a Motor Vehicle.  (Dkt. 18-11 at 2).  As discussed above, Petitioner has remained subject to the Amended Judgment and Sentence throughout, and there was no new conviction or sentence imposed for Larceny of an Automobile when the state court issued its January 11, 2022 order.

Because Petitioner has remained subject to the same conviction and sentence throughout the proceedings below and following the January 11, 2022, vacation order, this order is not a "new judgment" entitling him to a new habeas application.  *See, e.g., Jackson v. Bowen*, No. 22-6068, 2022 WL 2165789, at *1 (10th Cir. June 16, 2022) (unpublished) (finding that the denial of petitioner's post-conviction application (premised on *McGirt*) was not a new judgment, because the

7

denial left his original conviction undisturbed); *Cowan v. Crow*, No. 19-CV-0639-JED-FHM, 2019 WL 6528593, *4 n.6 (10th Cir. Feb. 21, 2020) (unpublished) ( explaining that a state court denial of request for habeas relief was not a "new judgment").

After careful the review, the Court finds this habeas petition is second or successive in light of Petitioner's previous habeas petitions. The state district court's January 11, 2022, order was not a "new judgment" entitling him to a new habeas petition. Therefore, this petition must be dismissed, unless the Court determines that transfer to the Tenth Circuit is warranted.

The Tenth Circuit has rejected a "mandatory transfer rule" for second or successive habeas claims. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The court explained that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Circuit Court] for authorization." *Id*.

> Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id*. at 1251; *see also Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999) (noting that it would be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly doomed"). Here, Petitioner's habeas petition is doomed to fail and should be dismissed, for the reasons set forth below.

## A.    Tenth Circuit Authorization

The first reason Petitioner's habeas petition should not be transferred to the Tenth Circuit for authorization to file is because authorization undoubtedly will not be granted by that court. Indeed,

8

the Tenth Circuit already has denied Petitioner leave to file a second or successive habeas petition

based on *McGirt*. *See In re Scott*, No. 21-7032 (July 12, 2021) (Dkt. 18-9). Clearly, Petitioner knew

or should have known this Court lacks jurisdiction. *See In re Cline*, 531 F.3d at 1251.

      This Court recognizes that Petitioner is raising not only his freestanding *McGirt* claim, but

he also challenges the post-conviction proceedings concerning the *McGirt* claim, including the state

district court's alleged "reinstatement" of his convictions and sentences and the States's alleged

"forfeiture." (Dkt. 1 at 5, 7; Dkt. 2 at 14). Respondent argues that even if any of these claims could

fall within the parameters of § 2244(b)(2), the claims relate to alleged errors or defects in Petitioner's

post-conviction proceedings regarding *McGirt*, not the constitutionality of his original convictions

and sentences. Therefore, the claims are not cognizable in habeas review. *See Lopez v. Trani*, 628

F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in

dismissing claims that related only alleged errors in the post-conviction proceedings."); *Sellers v.

Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error [Sellers] raises

focuses only on the State's post-conviction remedy and not the judgment which provides the basis

for his incarceration, it states no cognizable federal habeas claim."); *Bradshaw v. State of Okla.*, 398

F. Supp. 838, 843 (E.D. Okla. 1975) ("The petitioner's complaints lettered R, S, T, U, and V, all

relate to alleged defects in the state post-conviction proceedings. These allegations do not raise a

federal constitutional question."). Thus, Petitioner's claims are doomed to fail, and transfer to the

Tenth Circuit is not warranted.

**B.**    **Statute of Limitations**

      This Court also should not transfer the petition to the Tenth Circuit, because it is untimely.

As stated above, the OCCA affirmed Petitioner's convictions on August 15, 2002. (Dkt. 18-1).

Petitioner's convictions, therefore, became final on November 13, 2002, ninety (90) days after his convictions were affirmed by the OCCA on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has passed). Petitioner's one year to file a federal habeas petition under 28 U.S.C. § 2244(d)(1) expired on November 14, 2003. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (stating that the year begins to run the day after the judgment and sentence becomes final and ends on the anniversary date). This petition was filed on September 30, 2022, making it almost 19 years outside the one-year limitation period. Further, as discussed below, he is not entitled to an alternative trigger date.

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. State procedural law determines whether an application for state post-conviction relief is "properly filed." *Garcia v. Shanks*, 351 F.3d 468, 471 (10th Cir. 2003).

The record shows that on August 30, 2002, Petitioner tendered a pro se petition for rehearing of his direct appeal, although he had counsel. (Dkt. 18-2). Okla. Stat. tit. 22 ch.18, Rule 3.14(a), however, requires a petition for rehearing to be made by the attorney of record. The OCCA denied the petition on September 27, 2002, because it "fail[ed] to meet the criteria set forth in Rule 3.14." *Scott*, No. F-2001-998 (Sept. 26, 2002). Because Petitioner's petition for rehearing was not "properly filed," as required by 28 U.S.C. § 2244(d)(2), the Court finds his deadline for filing a habeas petition was not extended.

Petitioner claims he is entitled to a new trigger date, because he was subject to a "new

verdict" on Count 4 of his conviction.  (Dkt. 1 at 4-5; Dkt. 2 at 8-9).  As discussed above, he is

incorrect.  There was no "new" verdict or sentence in this case.  Petitioner is and always has been

subject to the Amended Judgment and Sentence that was entered after his direct appeal.  Petitioner

has misread the state court's procedural history in its January 11, 2002, order, and he assumes that

by mentioning the original crime charged in Count 4, Larceny of an Automobile, that the state court

issued a new verdict and sentence on this charge.  There was no sentence issued in this order and

Petitioner remains subject to the amended conviction of Unauthorized Use of a Motor Vehicle.

Because there was not a new verdict, Petitioner is not entitled to a later trigger date from the January

11, 2022 order.

Petitioner also asserts he is entitled to a new trigger date under 28 U.S.C. § 2244(d)(1)(D),

based on a factual predicate which could not have been discovered through due diligence.  (Dkt. 2

at 10-11).  Even if the Tenth Circuit's *Murphy* decision or the Supreme Court's *McGirt* decision

alerted Petitioner to the legal significance of his alleged status as a member a federally recognized

tribe and the location of his crimes, these decisions did not trigger a new starting date for his

statutory year under Section 2244(d)(1)(D).  All three of the federal district courts of Oklahoma have

found Section 2244(d)(1)(D) to be inapplicable in these circumstances.  *See Donahue v. Harding*,

No. CIV-21-183-PRW, 2021 WL 4714662, *5 (W.D. Okla. Sept. 15, 2021) (unpublished), *report

and recommendation adopted*, 2021 WL 4711680 (W.D. Okla. Oct. 8, 2021) (unpublished) (finding

the petitioner's alleged factual bases, "that he is Indian and the crimes occurred on the Comanche

Reservation," were either known to the petitioner "or could have [been] discovered . . . through the

exercise of due diligence at the time of his conviction," and "even if the *McGirt* decision alerted [the

petitioner] to the legal significance of his tribal membership and the location of the crimes, it did not

11

trigger a new start date under § 2244(d)(1)(D)"); *Barbre v. Whitten*, No. CIV 18-259-RAW-KEW, 2019 WL 3976518, at *2 (E.D. Okla. Aug. 22, 2019) (unpublished) ("Petitioner clearly was aware of his status as a Native American and that his crime allegedly occurred on Indian land at the time he entered his plea. Nothing in the *Murphy* case added anything to the factual basis of Petitioner's claim. At best, *Murphy* explained the potential legal significance of those facts."); *Parris v. Whitten*, No. 18-CV-443-TCK-FHM, 2019 WL 2928754, *4 (N.D. Okla. July 8, 2019) (unpublished) (finding the petitioner could not rely on *Murphy* for application of Section 2244(d)(1)(D), because he "knew the factual predicate for his jurisdictional claim--namely, his status as a Native American and the location where he committed his crimes--when he entered his guilty plea, even if he did not understand the legal significance of those facts until he learned of the *Murphy* decision").

## C.    Tolling

The statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is subject to statutory tolling. The tolling statute, 28 U.S.C. § 2244(d)(2), provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner contends he is entitled to statutory tolling under § 2244(d)(2) for a pending motion in state court. (Dkt. 2 at 9-10). The motion in question is a motion to quash the Information and dismiss Case No. CF-2000-5044. (Dkt. 2-3 at 30-31). The record indicates this motion was filed on June 20, 2000. (Dkt. 18-3). After the motion was filed, the state court held a preliminary hearing and ultimately bound over Petitioner. *Id.*

The motion does not entitle Petitioner to statutory tolling. Petitioner is incorrect in stating that this motion never received a ruling. Implicit in the state court's order binding Petitioner over

after his preliminary hearing was a ruling that his motion to quash the Information was denied. Further, this motion cannot trigger statutory tolling, because it is a challenge to the charging instrument, not a challenge to Petitioner's ultimate sentence. 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations during the time in which an attack on the "pertinent judgment or claim is pending").

Petitioner also references a Motion for Judicial Review of Sentencing, filed on August 6, 2001. (Dkt. 2-4 at 4-6). Even assuming *arguendo* that this motion could serve as a collateral tolling motion, it was denied by the district court on April 3, 2002, before the OCCA's direct appeal decision, which was entered on August 19, 2002. (Dkt. 18-3). Thus, it can have no tolling effect.

The Supreme Court has held that the AEDPA's one-year statute of limitations also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling, however, is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (2007) (citations omitted). Petitioner must make a specific showing of (1) lack of access to relevant materials and (2) the steps taken to diligently pursue his federal claims. *See Miller*, 141 F.3d at 978.

Here, the Court finds Petition has shown neither extraordinary circumstances nor diligence. In fact, his state court docket sat silent for many years. In his brief in support, under a section titled

"Extraordinary Circumstance," he lists filings he submitted in recent years in an attempt to raise his *McGirt* claim, but this does not account for the many years before the *McGirt* decision when he did not act diligently to raise this or any other challenge to his convictions and sentences.  Further, as referenced above, while *Murphy* and *McGirt* may have enabled Petitioner to recognize the legal significance of such a claim, there were no impediments to bringing the claim prior to those decisions.

**D.     Actual Innocence**

Petitioner also is not entitled to an equitable exception to the statute of limitations based on actual innocence.  Habeas petitioners can overcome the AEDPA statute of limitations by raising "a convincing claim of actual innocence."  *McQuiggin v. Perkins*, 569 U.S. 383, 398 (2013).  A petitioner must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial" and demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995).  Petitioner cannot meet this demanding standard.

Petitioner attempts to make a claim of actual innocence by relying on the presumption of innocence that reattaches when a conviction is reversed.  (Dkt. 2 at 15) (citing *Johnson v. Mississippi*, 486 U.S. 578, 585 (1998).  This argument, like many of Petitioner's arguments, is premised on the incorrect assumption that his convictions were dismissed.  He appears to conclude that he is entitled to a presumption of innocence on Count 4, because the verdict on this count changed.

As explained above, this is not the case.  Petitioner has remained subject to his original

conviction and sentence (as amended, including the amended verdict on Count 4) throughout, and he continues to be subject to this conviction and sentence.  He has been found guilty of these charges and is not entitled to a presumption of innocence.  He has presented no new exculpatory evidence raising a question as to his actual, factual, innocence.

## IV.    Exhaustion of State Court Remedies

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994).  The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991).   In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b).  *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976).  To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding.  *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter.  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

The "'petitioner bears the burden of demonstrating that he has exhausted his available state remedies.'"  *McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) (quoting *Oyler v. Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994)); *see also Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995) (same).  The Tenth Circuit has explained the exhaustion requirement as follows:

In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must

15

> show that a state appellate court has had the opportunity to rule on the same claim
> presented in federal court, or that at the time he filed his federal petition, he had no
> available state avenue of redress. The rationale for this requirement is that state
> courts will enforce the federal constitution as fully and fairly as a federal court.

*Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cit. 1992) (citations omitted). The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Petitioner has not presented all of his claims to the OCCA. He filed in the OCCA, a combined Notice of Appeal and Brief in Support. (Dkt. 18-12). This filing contained two "claims." Proposition I alleged that the OCCA's decision in *State ex. rel. Matloff v. Wallace*, 497 P.3d 686, 689 (Okla. Crim. App. 2021), did not apply to his case, because the *Wallace* opinion was not retroactive. (Dkt. 18-12 at 17). Proposition II alleged that Petitioner's subject-matter jurisdiction claim was "non-waivable" and could be raised at any time. *Id.* at 19. The docket for Petitioner's post-conviction appeal notes that an amended brief was tendered for filing, however, Respondent asserts the OCCA's clerk has confirmed that this amended brief was not accepted by the OCCA and was not available for review. (Dkt. 18 at 22). Although Petitioner's propositions did not expressly raise his freestanding *McGirt* claim, the OCCA appeared to liberally construe the claims as raising such a claim and barred it as follows, implicitly rejecting his arguments that the claims could not be barred pursuant to *Wallace* or otherwise:

> Petitioner, pro se, appealed to this Court from an order of the District Court of
> Okmulgee County in Case No. CF-2000-5044 denying his request for post-

conviction relief pursuant to *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020).  In *State ex rel. Matloff v. Wallace*, 2021 OK CR 21, 497 P.3d 686, *cert. denied*, 142 S.Ct. 757 (2022), this Court determined that the United States Supreme Court decision in *McGirt*, because it is a new procedural rule, is not retroactive and does not void final state convictions.  *See Matloff*, 2021 OK CR 21, ¶¶ 27-28, 40, 497 P.3d at 691-92, 94.

The conviction in this matter was final before the July 9, 2020, decision in *McGirt*, and the United States Supreme Court's holding in *McGirt* does not apply.  Therefore, the trial court's denial of post-conviction relief is **AFFIRMED**.  Petitioner's Motion for Appointment of Counsel and Motion for Evidentiary Hearing are **DENIED**.  Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2022), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

(Dkt. 18-13) (emphasis in original).

The claims presented to the OCCA differ significantly from the four grounds for relief in this habeas petition.  Only Ground III, Petitioner's freestanding *McGirt* claims, appears to have been exhausted before the OCCA.  The remaining three claims are unexhausted.

In Ground I, Petitioner asserts that the "reinstatement" of his convictions was unconstitutional.  (Dkt. 2 at 11).  Respondent alleges the arguments in this proposition indicate Petitioner is mainly asserting a claim of double jeopardy.  (Dkt. 18 at 23).  He has made no such claim before the OCCA.

In Ground II, Petitioner alleges the State waived any challenge to the dismissal of his convictions by failing to appeal the order granting dismissal.  (Dkt. 2 at 13).  He made a similar claim before the OCCA but did not repeat the claim as a proposition in error.  Further, the OCCA did not mention this allegation in its Order Affirming the Denial of Post-Conviction Relief and clearly did not treat it as a substantive claim for relief.

In Ground IV of the petition, Petitioner argues that *McGirt* should apply retroactively and

appears to argue that *Wallace* was wrongfully decided.  This claim differs from the issue raised

before the OCCA which did not argue for retroactive application of *McGirt* and a simply claimed

that *Wallace* did not apply to Petitioner's specific case, not that it was wrongfully decided.

It is necessary in the interest of comity that this Court require Petitioner to fully exhaust his

state court remedies for all his claims before considering the merits of his habeas petition.  *See*

*Duncan*, 533 U.S. at 178-79.  Therefore, the petition should not be transferred to the Tenth Circuit

for authorization to file a second or successive petition when most of the claims are unexhausted.

Instead, this Court should exercise its discretion to deny this matter.  *See In re Cline*, 531 F.3d at

1251 ("Factors considered in deciding whether a transfer is in the interest of justice include . . .

whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing

that the court lacked the requisite jurisdiction."); *Phillips*, 173 F.3d at 610-611 (noting that it would

be a "waste of judicial resources" to transfer cases, such as time-barred cases, that are "clearly

doomed").

**V.    Motion for Leave to Supplement with Newly-Discovered Evidence**

On May 18, 2023, Petitioner filed a Motion to Supplement with Newly-Discovered Evidence.

(Dkt. 23).  Respondent alleges Petitioner's proposed supplements are jurisdictionally barred, and his

remaining arguments are an untimely response to Respondent's motion to dismiss.  (Dkt. 24).

Petitioner is seeking leave to supplement with 28 "issues based on newly discovered

evidence." (Dkt. 23).  The "issues" raised by Petitioner can be broadly categorized as : (1) a request

to amend and include a claim of actual innocence (Dkt. 23 at 1 ¶ 1); (2) allegations the Okmulgee

County District Court improperly granted a stay based on newly-discovered evidence (Dkt. 23 at 2

¶¶ 4-9 at 3-4 ¶¶ 12-15); and (3) new arguments on the issue of whether Petitioner was subject to a

18

new judgment and sentence (Dkt. 23 at 3-6 ¶¶ 14–28).

Respondent asserts the claims in the first category should be construed as an attempt to amend the original petition as the issues relate to "matters which occurred prior to the filing" of the original petition. *See Carter v. Bigelow*, 787 F.3d 1269, 1278 (10th Cir. 2015). The claims in the second category should be construed as supplemental claims instead of amendments, because they relate to matters Petitioner allegedly discovered subsequent to the original petition. *See id.* The claims in the third category rely neither on matters preceding or subsequent to the original petition, but are new legal arguments based on facts in the record. These claims are construed as an untimely response to arguments raised in Respondent's motion to dismiss. As discussed below, each category of claim should be rejected. Furthermore, nothing in the present petition affects Respondent's previous arguments that this petition should be dismissed as an unauthorized second and successive petition.

### A.   Actual Innocence

Petitioner alleges he is "an innocent man" and seeks to incorporate an argument raised in post-conviction proceedings. (Dkt. 23 at 1 ¶ 2 & at 11-12). His argument is that he is factually innocent, because he lived with the victim. He, therefore, could not have burglarized their shared home. *Id.* He claims his trial counsel is in possession of bills proving he resided at the address in question, and he seeks to support the claim with his son's "written affidavit." *Id.*

"A district court should apply Fed. R. Civ. P. 15(a) to decide whether to allow an amendment [of a habeas pleading.]" *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994). While the rule instructs courts to grant amendments freely as required by justice, it also allows for the denial of amendments for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

As discussed above and in Respondent's brief in support of the motion to dismiss, the underlying habeas petition in this case is an unauthorized second and successive petition.  (Dkt. 18 at 1-14).  Although actual innocence may serve as a gateway to overcome untimeliness and procedural default, it does not serve as a gateway by which a habeas petitioner may bypass receiving authorization from a circuit court before filing a second or successive habeas petition. *See Davis v. Brownback*, 646 F. App'x 637, 640 (10th Cir. 2016) (unpublished) ("Davis [claims he] made a showing of actual innocence allowing him to avoid the time bar in § 2244(d) under *McQuiggin v. Perkins*, 569 U.S. 383 (2013).  But that is irrelevant to the fatal deficiency in his second or successive habeas claims, which was lack of authorization by this court under § 2244(b)(3), not untimeliness.").

Therefore, "[i]f the actual-innocence doctrine is relevant at all, it would be as part of a challenge to the district court's discretionary decision to dismiss the habeas claims rather than transfer them to [the Tenth Circuit] for possible authorization." *Id*.  As in *Davis*,  the petitioner in the present case should not receive the benefit of a transfer, even notwithstanding his claim of alleged actual innocence:

> We have repeatedly held that when "a party is aware or should be aware that [his] unauthorized second or successive motion cannot be heard in the district court, transfer may be denied on the basis that the filing was not made in good faith." *United States v. Johnson*, 644 F. App'x 864, 867 (10th Cir. Apr. 7, 2016) (internal quotation marks omitted) (citing cases).  Davis, who has already had a prior second or successive habeas petition dismissed for lack of authorization, is clearly subject to this principle here.  *See id.*

20

*Id.*

As shown in the "Background" section of this Opinion and Order, Petitioner, like Davis, already has had a prior second or successive habeas petition dismissed for lack of authorization. (Dkts. 18-8, 18-9). Petitioner also has been denied authorization to file a successive habeas petition by the Tenth Circuit based on *McGirt*. (Dkt. 18-9). Therefore, this present petition should not be transferred to the Tenth Circuit.

Further, Petitioner's new actual innocence claim fails to meet the high threshold for an exception to the statute of limitations. As discussed above in the "Actual Innocence" section, to overcome the AEDPA statute of limitations, he must present "new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial" and demonstrate that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). Petitioner cannot meet this demanding standard. His claim is based on the existence of bills in his name (which he does not present) and a handwritten, unsworn letter allegedly written by his son. (Dkt. 23 at 11-12). The unavailable bills and the unsworn letter are not "reliable" evidence of innocence. In light of this evidence, it does not appear that no reasonable juror could have voted to find Petitioner guilty, thus, his actual innocence claim fails. Because Petitioner cannot overcome the untimeliness of this petition, the proposed supplement must be rejected.

Moreover, Petitioner clearly was aware of the basis for this new actual innocence claim, having previously brought the claim in state post-conviction proceedings. He does not explain his decision to delay raising the claim in this petition. *See Stafford*, 34 F.3d at 1560 (noting judges have discretion to deny amendments on account of undue delay).

## B.       Challenges to Propriety of the Stay

Petitioner seeks to supplement his original filing with a new claim that the Okmulgee County District Court violated his due process rights by staying the grant of post-conviction relief.  (Dkt. 23 at 2 ¶¶ 4-9; *Id*. at 3-4 ¶¶ 12-15).   He has submitted communications from the United States Attorney's Office for the Eastern District of Oklahoma and the Okmulgee County District court which purportedly show that federal authorities received no information regarding a transfer of his case, and the Okmulgee County District Court sent no information to federal authorities.  (Dkt. 23 at 20-23).  He relies on these communications to argue the Okmulgee County District Court lacked the authority to stay the grant of post-conviction relief, pending transfer to federal or tribal authorities, because the State did not seek such a transfer and the stay without authority violated his due process rights.

"Authorization to supplement pleadings 'should be liberally granted unless good reason exists for denying leave . . . .'"  *Carter*, 787 F.3d at 1279 (quoting *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001)).  Here, the Court finds there is good reason to deny supplementation.  Specifically, this Court lacks jurisdiction to review Petitioner's newly-presented claim because, as the claims already raised in the habeas petition, it is a second and successive challenge to Petitioner's state convictions.  Also, the new allegations appear to challenge only the propriety of the stay and not the validity of Petitioner's state convictions.

> We have described the phrase "second or successive" as a "term of art."  *Slack v. McDaniel*, 529 U.S. 473, 486.  To determine its meaning, we look first to the statutory context.  The limitations imposed by § 2244(b) apply only to a "habeas corpus application under section 2254," that is, an "application for a writ of habeas corpus on behalf of a person in custody pursuant to *the judgment* of a State court," § 2254(b)(1) (emphasis added).  The reference to a state-court judgment in § 2254(b) is significant because the term "application" cannot be defined in a vacuum.  A §

2254 petitioner is applying for something: His petition "seeks invalidation (in whole or in part) *of the judgment* authorizing the prisoner's confinement," *Wilkinson v. Dotson*, 544 U.S. 74, 83 (2005) (emphasis added). If his petition results in a district court's granting of the writ, "the State may seek a *new* judgment (through a new trial or a new sentencing proceeding)." *Ibid*. (emphasis in original). Thus, both § 2254(b)'s text and the relief it provides indicate that the phrase "second or successive" must be interpreted with respect to the judgment challenged.

*Magwood*, 561 U.S. at 332-33 (emphasis in original).

Because Petitioner is seeking to attack the validity of the stay as a means to challenge his original judgment, these new claims remain second or successive.[5]

**C.     Arguments as to Whether Petitioner was Subject to a New Judgment and Sentence**

Finally, Petitioner attempts to overcome the jurisdictional bar on review of unauthorized second and successive filing by claiming that because he was subject to a new judgment and sentence, he did not need to seek authorization to file the present petition. He also contends his sentence for Count 4 was increased. Further, he asserts this petition is timely if the statute of limitations is calculated from the entry of the "new judgment and sentence," because he was "resentenced." (Dkt. 23 at 1 ¶ 3; *id.* at 3-4 ¶¶ 14, 16 & n.1; *id.* at 6 ¶ 28).

---

[5] Petitioner also cites *Landis v. North American Co.*, 299 U.S. 248, 255, in support of his argument that the Okmulgee County District Court improperly stayed his case pending the resolution of *Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021). (Dkt. 23 ¶ 12 and n.2). He cites *Landis* for the proposition that "[t]here is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Id*. (citations omitted). This quotation is accurate only in the sense that this statement appears in the *Landis* decision. 299 U.S. at 255. Petitioner's presentation of it, however, is misleading. The full quotation reads, "Impressed with the likelihood or danger of abuse, some courts have stated broadly that, irrespective of particular conditions, there is no power by a stay to compel an unwilling litigant to wait upon the outcome of a controversy to which he is a stranger." *Id.* Importantly, the next sentence reads, "Such a formula, as we view it, is too mechanical and narrow." *Id*. (citations omitted). The *Landis* opinion actually stands for the premise that courts have an inherent power to issue stays as needed to control the disposition of cases and promote economy of time and effort. *Id*. at 254-56.

Petitioner cites numerous cases that he claims "were dismissed by the state district court and reimposed convictions despite the fact the state missed normal procedural and jurisdictional time limits for appeal . . . ." (Dkt. 23 at 7).  Two of the cited cases concern federal habeas corpus actions pursuant to 28 U.S.C. § 2254:  *Graham v. White*, No. 23-CV-164-CVE-SH, 2023 WL 4141662 (N.D. Okla. June 22, 2023), *appeal docketed*, No. 23-5069 (10th Cir. June 26, 2023), and *Deerleader v. Crow*, No. 20-CV-172-JED-CDL, 2021 WL 150014 (N.D. Okla. Jan. 15, 2021).  Both of these cases concerned habeas petitioners who were released from custody pursuant to *McGirt*.  Neither, however, concerned whether a stayed post-conviction decision constituted a "judgment."

Respondent again argues that Petitioner's claims are an untimely response to Respondent's motion to dismiss.  The brief in support of the motion to dismiss discussed the procedural history of this case and maintained Petitioner was not subjected to a new judgment or a resentencing after the denial of his post-conviction application.  Instead, Petitioner at all times remained subject to the Amended Judgment and Sentence entered after his direct appeal.  Because Petitioner filed a response to the motion to dismiss on January 5, 2023, Respondent argues this new filing on May 18, 2023, seeks to raise new challenges and is well overdue.  The Court, however, construes this argument as part of Petitioner's motion for leave to supplement the petition and, as discussed below, finds the proposed amendment would be futile.  *See Stafford*, 34 F.3d at 1560.

 Petitioner's new arguments are fundamentally flawed.  His allegations appear as follows:

> The District Court of Okmulgee County wrongly vacated the agreed Order granting post-conviction relief citing intervening change of law (*Wallace*), and by issuing a new verdict on Count 4, increasing Petitioner's imprisonment by an additional three (3) years.  *See* habeas corpus 2nd amended judgment and sentence (53 years) Exhibit "M" and attached Exhibits 2 and 3 (56 years).  *See also* Exhibit "G" (Order vacating agreed order granting post-conviction relief)[.]

24

(Dkt. 23 at 3, ¶ 14).

The Court finds that all of the above allegations are meritless. First, to the extent Petitioner argues the Okmulgee County District Court's order vacating the original grant of post-conviction relief resulted in a new judgment and sentence, he is incorrect. This claim is based on a misapprehension of the procedural history and a misreading of the Okmulgee County District Court's order. The claim assumes the Okmulgee County District Court vacated and then reimposed or reinstated Petitioner's convictions. That, however, was not the case. Instead, the immediate stay of the district court's grant of post-conviction relief operated to prevent the grant of relief from taking effect. The ultimate reversal of that grant of relief effectively left Petitioner in the same position he was when he began post-conviction proceedings: subject to the Amended Judgment and Sentence.

Second, Petitioner appears to believe that the order vacating the original grant of post-conviction relief reimposed a conviction and sentence for Larceny of an Automobile (Count 4), thereby constituting a new judgment and sentence. This argument, however, rests only on a scrivener's error in that order, which stated in the procedural history that Petitioner "was convicted of . . . Count Four, Larceny of an Automobile." (Dkt. 18-11 at 2). Petitioner always has been subject to the Amended Judgment and Sentence, and it is clear that the typographical error in the court's order is merely that, not a new judgment and sentence. Nor is there any evidence in the record showing that any of Petitioner's sentences have ever changed. He been subject to the Amended Judgment and Sentence, since before he filed his previous habeas petitions, therefore, this current habeas petition is second or successive and must be dismissed.

## VI. Motion for Notice of Removal

On October 13, 2022, Petitioner filed in this case a Motion for Notice of Removal, asking

25

this Court to determine "who has jurisdiction over this Indian." (Dkt. 6 at 3). If this Court determines that Petitioner was wrongfully arrested, then he asks that removal from state jurisdiction be permitted. *Id.*

As set forth above in this Opinion and Order, the State of Oklahoma has jurisdiction over Petitioner's criminal prosecution in Okmulgee County District Court Case No. CF-2000-5044. Therefore, Petitioner's Motion for Notice of Removal (Dkt. 6) is denied.

## VII.  Amended Petition for Writ of Habeas

On June 16, 2023, Petitioner filed an amended petition for writ of habeas corpus. (Dkt. 26). Under Local Civil Rule 9.2(c), "[a]n original proposed amended pleading shall be signed and *submitted with any motion for leave to amend a pleading*." *Id.* (emphasis added). Petitioner, however, did not submit the "amended petition" with a proper motion to amend.

To the extent Petitioner's motion for leave to supplement with newly-discovered evidence (Dkt. 23) is construed as a motion to amend the petition, again, the two documents were not submitted together, as required by the Local Civil Rules. Further, the motion for leave to supplement is denied in this Opinion and Order. Therefore, Petitioner's Amended Petition for Writ of Habeas Corpus (Dkt. 26) is DENIED.

## VIII.  Certificate of Appealability

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of

26

appealability cannot be issued.

**ACCORDINGLY,**

1.      Respondent's motion to dismiss for lack of jurisdiction (Dkt. 17) is GRANTED.

2.      Petitioner's motion for leave to supplement with newly-discovered evidence (Dkt. 23) is DENIED.

3.      Petitioner's motion for notice of removal (Dkt. 6) is DENIED.

4.      Petitioner's Amended Petition for Writ of Habeas (Dkt. 26) is DENIED.

5.      Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 7th day of August 2023.

_____

HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE