IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN TYRONE SCOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 22-277-RAW-DES |
| ) | |
| CARRIE BRIDGES, Warden, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

On August 25, 2023, Petitioner filed a "motion for de novo review/motion to reconsider" (Dkt. 30), which concerns the August 7, 2023, dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. 28). The Federal Rules of Civil Procedure do not expressly contemplate motions for reconsideration. *Hatfield v. Bd. of Cnty. Comm'rs*, 52 F.3d 858, 861 (10th Cir. 1995). Plaintiff's motion, therefore, is construed as arising under Fed. R. Civ. P. 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions are not second or successive petitions, but instead a part of a prisoner's first habeas proceeding." *Banister v. Davis*, 590 U.S. 504, 517 (2020). A motion to alter or amend a federal court's judgment gives the court a brief chance to fix mistakes before its judgment on a habeas petition becomes final *Id.*

**Habeas Corpus Petition**

Petitioner raised the following four claims in his habeas petition:

I. The reinstatement of Petitioner's state conviction(s) and a charge not convicted of is unlawful, because Oklahoma courts lack jurisdiction. (Dkt. 1 at 5).

II. The State of Oklahoma surrendered any claim of jurisdiction over Petitioner by (a) failing to timely object to the enforcement of the agreed order of dismissal of the charges issued by the state trial court and agreed to by the assistant district

attorney, Carman Rainbolt; and/or (b) by the failing to perfect a timely appeal of that ruling under Title 22, Ch. 18, App., Rule 5.2(c)(1).  (Dkt. 1 at 7).

III.   Petitioner's claim under *McGirt v. Oklahoma*, [591 U.S. 894] (2020): (1) The alleged crimes occurred in Indian Country within the boundaries of the reservation of the Muscogee (Creek) Nation. (2) Petitioner is one-half blood quantum Creek-Chickasaw Indian, and is a federally recognized citizen of the Muscogee (Creek) Nation. (3) The alleged crimes are subject to exclusive federal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153. (4) Oklahoma lacks subject matter jurisdiction under the Major Crimes Act.  (Dkt. 2 at 14).

IV.   *McGirt* is retroactive.  *Id*.

This Court dismissed the habeas petition for lack of jurisdiction, finding it was unauthorized and second or successive.  (Dkt. 28 at 8).[1]

**Rule 59(e) Claims**

Petitioner's motion is repetitive and unclear, however he sets forth the following four claims to be addressed by the Court:

Claim One:   The reinstatement of Petitioner's state conviction(s) a charge not convicted of is unlawful, because Oklahoma Court's lack of jurisdiction.  (Dkt. 30 at 9-11).

Claim Two:   Tolling. Petitioner challenges the ruling on his motion to quash the Information and dismiss Okmulgee County District Court Case No. HCF-2000-5044. *Id.* at 11-14.

Claim Three: Actual Innocence.  *Id*. at 14.

Claim Four:   Jurisdiction.  *Id.* at 14-16.

---

[1] On June 16, 2023, Petitioner filed an amended petition for writ of habeas corpus (Dkt. 26). The amended petition was denied on August 7, 2023, because Petitioner failed to comply with Local Civil Rule 9.2(c), which requires a proposed amended pleading to be submitted with a motion for leave to amend the pleading. (Dkt. 28). Petitioner claims in his Rule 59(e) motion that he mailed a motion for leave to amend the petition with his proposed amended petition. (Dkt. 30 at 1). The Clerk of this Court, however, has no record of the alleged motion to amend.

**Claim One:  Reinstatement of State Conviction(s)**

Claim One in this Rule 59(e) motion alleges that the reinstatement of his "charge not convicted of is unlawful, because Oklahoma lacks jurisdiction." (Dkt. 30 at 9).  The record shows that on August 15, 2002, Petitioner's Judgments and Sentences as to Counts 1, 2, 5, and 6 were affirmed by the Oklahom  Court of Criminal Appeals (OCCA) in Case No. F-2001-998.  (Dkt. 28 at 2; Dkt 18-1).  The OCCA, however, remanded the case to the state district court and ordered that a nunc pro tunc Judgment and Sentence be entered on Counts 3 and 4, reflecting that Petitioner was convicted of Assault and Battery with a Dangerous Weapon and Unauthorized Use of a Motor Vehicle, respectively.  *Id.*  Petitioner's convictions became final  on November 13, 2002. (Dkt. 28-2).

> The Court previously considered this claim in its Opinion and Order dismissing the case:
>
> Petitioner also was not subject to a "new verdict on Count 4" as he alleges. (Dkt. 2 at 4).  This claim appears to arise from a misreading of the January 11, 2022, order's procedural history in which the state court correctly listed Larceny of an Automobile as the crime originally charged under Count 4, instead of the charge imposed through the Amended Judgment and Sentence, Unauthorized Use of a Motor Vehicle. (Dkt. 18-11 at 2).  As discussed above, Petitioner has remained subject to the Amended Judgment and Sentence throughout, and there was no new conviction or sentence imposed for Larceny of an Automobile when the state court issued its January 11, 2022 order.

(Dkt. 28 at 4).

Further, Petitioner's claim in the present motion, that he was "never informed of the charge" on Count 4 (Dkt. 30 at 9-10) would relate to a substantive claim regarding notice and his due process rights.  It has no bearing on whether Count 4 constitutes a new judgment for the purposes of habeas litigation.

**Claim Two:  Tolling**

In Claim Two of the Rule 59(e) motion, Petitioner reasserts his argument that he should receive statutory tolling for his motion to quash. (Dkt. 30 at 11). He provides no reasonable reason for reconsideration of this Court's earlier conclusion that the motion does not entitle him to statutory tolling:

> The motion does not entitle Petitioner to statutory tolling. Petitioner is incorrect in stating that this motion never received a ruling. Implicit in the state court's order binding Petitioner over after his preliminary hearing was a ruling that his motion to quash the Information was denied. Further, this motion cannot trigger statutory tolling, because it is a challenge to the charging instrument, not a challenge to Petitioner's ultimate sentence. 28 U.S.C. § 2244(d)(2) (tolling the statute of limitations during the time in which an attack on the "pertinent judgment or claim is pending").

(Dkt. 28 at 12-13).

Petitioner also complains that the Court "overlooked extraordinary prima facie circumstances" concerning the alleged withholding of legal research materials. (Dkt. 30 at 11). In addition, the library at his facility allegedly never had any Indian treaties. *Id.* Petitioner contends he has diligently pursued his claims, but circumstances beyond his control prevented his timely filing. *Id.*

The Court finds that Petitioner's argument about access to legal research materials is unsupported, vague, and conclusory. Further, even if this were a meritorious claim, the Court is barred from considering it--or any of Petitioner's other claims--without prior authorization from the Tenth Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

**Claim Three: Actual Innocence**

In Claim Three of the motion, Petitioner reasserts his actual innocence. (Dkt. 30 at 14). He bases his claim on the alleged existence of bills in his name (which he does not present) and a

notarized, certified letter. *Id.*. The Court found the following its earlier Opinion and Order: "The unavailable bills and the unsworn letter are not "reliable" evidence of innocence. In light of this evidence, it does not appear that no reasonable juror could have voted to find Petitioner guilty, thus, his actual innocence claim fails." (Dkt. 28 at 21). Petitioner has presented no evidence to refute the Court's conclusion.

**Claim Four:  Jurisdiction**

In Claim Four, Petitioner states that [t]his court has an obligation to follow the United States Supreme Court decision in *McGirt* . . . . holding that 'only the federal government, not the state, may prosecute Indians for major crimes committed in Indian Country." (Dkt. 30 at 16). This Court does comply with the requirements of *McGirt*, however, *McGirt* is not retroactive. *See State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, __ U.S. __, 142 S.Ct. 757 (2022). "*McGirt* was never intended to annul decades of final convictions . . . ." *Wallace*, 497 P.3d at 693.

Petitioner's Indian status, the various Indian Nation treaties, and the federal statutes which form the basis of his jurisdiction claim existed long before the *McGirt* decision. Therefore, the basis of his jurisdiction claim existed when he filed his 2008 and 2016 petitions, and the claim was ripe at those times. *Cf. Sweet v. Hamilton*, 634 F. Supp. 3d 1048, 1052-53 (N.D. Okla. 2022) (rejecting an argument that a *McGirt* claim was previously not ripe and pointing out the petitioner should have known his own Indian status and could have discovered whether his crime was committed within the boundaries of the Muscogee (Creek) Nation Reservation).

**Conclusion**

Based on the above law and reasoning, Petitioner's motion pursuant to Fed. R. Civ. P. 59(e)

...

is denied.

**Certificate of Appealability**

The Court finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2).  In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

1.  Petitioner's "motion for de novo review/motion to reconsider" (Dkt. 30) is construed as a motion pursuant to Fed. R. Civ. P. 59(e), and the motion is denied.

2.  Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 30th day of September 2024.

_____
HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE